United States District Court
Southern District of Texas
FILED
JUL 06 2017
David J. Bradley, Clerk of Court

# Memorandum In Support

Darrell Lamond Davis is blind. Under section A, of section 1983 it states in part: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjeted, any citizen of the United States or other person within the jurisdiction thereof, to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Darrell Lamond Davis, the Plaintiff in this action, was taken advantage of by the named Defendant Marcus G. Hill and the State of Texas by it's representive Lorrie Davis.

He was led to believe that he could better himself and his economic future by attending the offered Entrepreneurship Program and by starting a small business upon his release from prison. Almost every courthouse in the State of Texas has a concession stand owned and operated by a Blind person. Even the State Capitol in Austin has one. The law is the law. It is not for a few but for everyone.

Plaintiff is blind and black, but he saw a chance to rise above his situation and circumstances, and lead a normal life without having to depend on others for his livlihood. He was lured in, had his hopes ... lifted up to the stars and then dashed back to earth because he can not see, something that was never hidden from the Defendant in any way.

1.

## Memorandum In Support

Plaintiff at this point would like to review a few facts for the benefit of the Defendants in this matter:

Texas Department of Crim. Justice - Instructional Directive Effective: January 15, 2010.

Subject: Management of Special Needs Offenders

Authority: 42 U.S.C §12101 et. seq., the Americans with Disabilities Act (A.D.A.); 28 CFR, Part 35, (Title II); 29 USC. § 794, Section 504, Rehabilitation Act-1973 (Sect. 504); Title 8 of the Texas Human Resources Code, Rights and Responsibilities of Persons with Disabilities Act (Title 8); T.D.C.J. Administrative Directives; T.D.C.J./U.T.M.B. Health Services Policy and Procedures; the National Commission on Correctional Health Care's Communication on Special Needs Patients; Texas Govt. Code § 311.011 (a), .016 (2).

Applicability: Correctional Institutes (C.I.)/State Jail (SJ) Divisions; Parole Division Facilities, and Texas Dept of Crim. Justice (T.D.C.J) agency contracted facilities.

Purpose: To establish standard unit\departmental procedures that afford all special needs offenders equal access to programs, facilities, and activities that are available to non-disabled offenders; Establish a standard of policy that promotes the State of Texas' Rights and Responsibilities of Persons with Disabilities Act; ensure (sic) that all T.D.C.J. facilities are handicapped accessible as required by the A.D.A.; Title II; section 504 and title 8.

-2-

## Memorandum In Support

<u>Policy</u>: It is the Policy of the Texas Department of Criminal Justice Agency that: III- The Agency is a "Public Entity" as defined by Title II §1.2000 (2); Offenders in Agency custody who have, have a record of, or are regarded as having a physical or mental impairment that substantially limits one or more major life activities of daily living are protected from program discrimination by Title II, §1.1000 - .2000 (These are special needs offenders); "Substantial limitation of a major life activity", as defined by Title II, §2.4000, which includes walking, seeing, hearing, speaking, breathing, learning abilities, and work\task objectives, is synonymous with the term "activities of daily living" as defined herein.

V- The agency shall manage and appropriately provide for the needs of special needs offenders as required by the A.D.A.; Title II; section 504 and Titles.

VI- The A.D.A.; Title II; section 504, and Title 8 "<u>Prohibits</u>" any disabled person (special needs offenders) from being denied access to, or enjoyment of, any program-activity because of that person's disabilities. Operational staff shall make every effort and take all reasonable steps to (sic) ensure that no special needs offenders is, <u>in any way discriminated against</u>; or <u>denied access to any program or activity</u>. This will be accomplished by, at a minimum:
① strictly adhering to the procedures; ② Taking any other steps deemed necessary to (sic) ensure that all special needs offenders are afforded equal access to programs \ activities.

## Memorandum In Support

II-3.2000 Denial of Participation. The A.D.A., like other civil rights statutes, prohibits the denial of services or benefits on specified discriminatory grounds. Just as a government office cannot refuse to issue food stamps or other benefits to an individual on the basis of his or her race, it cannot refuse to provide benefits solely because an individual has a disability.

II-3.3000 Equality in participation/benefits. The A.D.A. provides for equality of opportunity. The foundation of many of the specific requirements in the Department's (Dept. of Justice) regulations is the principle that individuals with disabilities must be provided an equally effective opportunity to participate in or benefit from a public entity's aides, benefits and services.

   Please refer to page 3 of this memorandum to Policy. I quote: "It is the Policy of the Texas Dept. of Crim. Justice Agency that: III - The Agency is a "Public Entity" as defined by Title II §1.2000(a); end quote.
   As a Public Entity the Agency is under a mandate to treat all offenders the same with disabilities as they treat the ones with no disabilities.
   When Plaintiff filed step 1 and step 2 grievances, they were answered by them saying "denied due to your medical needs" (step 1) (step 2 - "There are no other facilities within T.D.C.J that meet your housing requirements according to your medical needs."

-4-

Memorandum In Support

Now wait a minute. Let's go back to page 3 of this memorandum. And look at VI - The A.D.A., Title II, section 504, and title 8 "Prohibits" any disabled person (special needs offenders) from being denied access to, or enjoyment of, any program or activity because of that person's disabilities. Operational Staff "shall" make every effort and take all reasonable steps to (sic) ensure that no special needs offenders are in any way discriminated against; or denied access to any program or activity.

At this point Plaintiff would like to inform this Honorable Court that he is housed in general population. He is blind but he goes everywhere on the unit that sighted offenders go without any special assistance but his white blind cane. He lives with sighted offenders, he eats in the same chow hall as sighted offenders, he goes to the same recreation yard as sighted offenders, he goes to the same church services as sighted offenders, he attends several faith-based classes in the chapel every week with sighted offenders. He lives on a cell block with sighted offenders and his cell is no different than theirs. The only distinction between him and the sighted offenders is when he "reads" a book. He has a tape player and head phones and he listens to books on tape. He "reads" his Bible the same way. That would be the only accomadation that he would need in any class-room. To have the lessons recorded on tape.

II-3.4000 Seperate benefit/intergrated setting. A primary

## Memorandum In Support

goal of the A.D.A. is the equal participation of individuals with disabilities in the "mainstream" of American society. The major principles of mainstreaming are-

1) Individuals with disabilities must be integrated to the maximum extent appropriate.

2) Seperate programs are permitted where necessary to (sic) ensure equal opportunity. A seperate program must be appropriate to the particular individual.

3) Individuals with disabilities cannot be excluded from the regular program, or required to accept special services or benefits.

II-3.4100 Seperate programs. A public entity may offer seperate or special programs when necessary to provide individuals with disabilities an equal opportunity to benefit from the programs. Such programs must, however, be specifically designed to meet the needs of the individuals with disabilities for whom they are provided.

II-3.4300 Right to participate in the regular program. Even if a seperate or special program for individuals with disabilities is offered, a public entity cannot deny a qualified individual with a disability participation in it's regular program.

Qualified individuals with disabilities are entitled to participate in regular programs, even if the public entity could reasonably believe that they cannot benefit from the regular program.

Plaintiff has a legal, clearly defined right to participate

## Memorandum In Support

in any program that is offered to "sighted" offenders. The State of Texas acknowledged that it is a "Public Entity" (see Page three of this memorandum) and that it (the State of Texas) agrees to act faithfully and do it's legal duty to the A.D.A statues and laws and policies. That was in the year 2010. Now it is 2017 and it seems someone has forgotten their legal duties to the disabled. Please see Plaintiff's exhibits No. 2 and 3. In his first grievance the Administration answered that the State Classification Board denied him access to the program due to his medical needs. Then the answer to his second (step 2) grievance states "there are no other facilities within T.D.C.J. that meet your housing requirements according to your medical needs." "Therefore a unit transfer is not possible." Well, since Plaintiff's "only" medical problem is being blind, then they are saying that out of 109 prison units in the State, the Estelle unit is the only unit that a blind inmate can walk down the halls with a blind stick. But wait, the agreement listed on page 3 of this memorandum, says that "All" Texas Prisons are supposed to be "fixed" to accomadate "All" prisoners. Perhaps this Honorable Court under the mandate of the "Supremacy Clause" of the U.S. Constitution, should enforce the order that states all 50 states of the United States of America shall abide by and enforce the laws and mandates issued by Congress. Perhaps a statewide audit of all 109 Texas Prisons conducted by a Court-appointed Proctor would resolve this issue. If no other prison can accommodate a blind inmate, then Texas is in violation of A.D.A directives.

-7-

## Memorandum In Support

Texas has a past record of ignoring Court mandates, even the ones issued from the federal courts. The law is plain. The disobedience of not enforcing these A.D.A rules and regulations falls on the Texas Department of Criminal Justice, Institutional Division. The only one authorized to make Texas prisons mind and obey the law is this Honorable Court. It is time and is past due for an accounting by the State of Texas. Just as no one man is an island, one state does not make a country.

Plaintiff stands by the law of the land and asks Lady Justice to tip the scales in his favor. Plaintiff so ever prays.

## Relief Sought

Plaintiff would ask for immediate acceptance into the aforementioned Entrepreneurship Program, post haste.

And any other relief deemed suitable by this Honorable Court, as well as any punative action.

Humbly and Prayerfully Submitted,

This 28th day of June, 2017

Darrell Lamont Davis

x _Derrell L. Davis_